UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
1/19/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
JCM

| | |
|---|---|
| Khara Inc. et al, | Case No: 23-cv-02880 |
| Plaintiffs, | Honorable Jeffrey I Cummings |
| v. | |
| The Partnerships and Unincorporated Associations Identified on Schedule A | |
| Defendants. | |

### NOTICE OF RECENT DEVELOPMENT IN PARALLEL LITIGATION

NOW COMES Xianyang Zeng, sued herein as LUKANORYZ ("Defendant"), files this Notice of Recent Development in Parallel Litigation and states as follows:

On November 29, 2023, Plaintiffs' Counsel submitted a Status Report, ("ECF No. 61") introducing a case citation from *Alisa Levytsky v. the Partnerships and Unincorporated Associations Identified in Schedule A*, 1:23-cv-14662 (N.D. Ill. Nov. 21, 2023) (Dkt. No. 39). However, subsequent to the submission of the Status Report, a significant development occurred in the referenced case. At a hearing on January 5, 2024, Judge Durkin expressed his conviction that the defendant, Mr. Chen, who identified as a sole proprietor, could represent himself in the absence of evidence to the contrary. Notably, Judge Durkin explicitly acknowledged that Mr. Chen was not a corporate entity with a corporate fiction beyond him. A true and correct copy of the Certified Reporter's Transcript of Proceedings is attached as **Exhibit 1**. This development is instructive for the present case, as it aligns with Defendant's position as a sole proprietor representing themselves in the matter at hand. It is crucial for the Court to consider, as it directly addresses the concerns raised by Plaintiffs in ECF No. 61. Defendant respectfully requests that this Court take note of this recent development in the referenced case as it applies equally to Defendant's situation in the present case, reinforcing Defendant's right to proceed pro se in the absence of credible evidence suggesting otherwise.

| | |
|---|---|
| Date: January 19, 2024 | /s/ *Xianyang Zeng* |
| | Xianyang Zeng d/b/a LUKANORYZ |
| | Zhangba 4th Road, Luoma Jingfucheng |
| | Building 3, Unit 2, 2302 |
| | Xi'an, High-tech zone |
| | Shaanxi, 710000 China |
| | z1071260621@outlook.com |

# EXHIBIT 1

                                                                        1

 1                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                            EASTERN DIVISION

 3   ALISA LEVYTSKY,                      )
                                          )   Docket No. 23 C 14662
 4                  Plaintiff,            )
                                          )   Chicago, Illinois
 5       v.                               )   January 5, 2024
                                          )   9:22 a.m.
 6   THE PARTNERSHIPS AND                 )
     UNINCORPORATED ASSOCIATIONS          )
 7   IDENTIFIED ON SCHEDULE "A,"          )
                                          )
 8                  Defendants.           )

 9         TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Status
              BEFORE THE HONORABLE THOMAS M. DURKIN
10

11   APPEARANCES:

12   For the Plaintiff:      MR. ADAM GRODMAN
                             JiangIP LLC
13                           33 West Jackson Boulevard, #2W
                             Chicago, Illinois  60604
14
                             MR. KEITH VOGT
15                           Keith Vogt, Ltd.
                             33 West Jackson Boulevard, #2W
16                           Chicago, Illinois  60604

17

18

19

20

21

22   Court Reporter:         ELIA E. CARRIÓN, CSR, RPR, CRR, CRC
                             Official Court Reporter
23                           United States District Court
                             219 South Dearborn Street, Room 1432
24                           Chicago, Illinois 60604
                             312.408.7782
25                           Elia_Carrion@ilnd.uscourts.gov

1       (Proceedings heard telephonically.)
2                  THE CLERK:  The next case is 23 CV 14662, Alisa
3    Levytsky v. The Defendants Identified on Schedule A.
4                  May I please ask the attorney present on behalf of
5    the plaintiff to state their name.
6                  MR. GRODMAN:  Good morning, Your Honor.  This is
7    Adam Grodman on behalf of the plaintiff.  I have my cocounsel,
8    Keith Vogt, on the line as well.
9                  THE COURT:  Okay.
10                 MR. VOGT:  Good morning, Your Honor.
11                 THE COURT:  Good morning.
12                 THE CLERK:  And on behalf of any defendants, please.
13                 THE COURT:  All right.  Is Mingbin Chen on the line?
14                 The record should reflect he's not on the phone call.
15                 I did receive a letter from him, which was docketed.
16   Have you seen that, Mr. Grodman?
17                 MR. GRODMAN:  Yes, Your Honor, I have.
18                 THE COURT:  Okay.  Is the defendant, the WAYEEKU-USA,
19   W-A-Y-E-E-K-U-USA, is that the sole remaining defendant in
20   this case?
21                 MR. GRODMAN:  It is, Your Honor.
22                 THE COURT:  Okay.  I've -- have you settled this
23   case?
24                 MR. GRODMAN:  We have not quite settled it,
25   Your Honor.  We're only $2,000 apart at this point.  That's

1 where it stands today.
2     THE COURT: All right. I read his letter carefully.
3 I read the email exchanges, which I assume are accurate. Is
4 that correct?
5     MR. GRODMAN: They are accurate, Your Honor.
6     THE COURT: All right. Is it true that the record of
7 sales of the allegedly infringing product was only some 20 --
8 almost 27,000 -- $27?
9     MR. GRODMAN: Your Honor, I don't have that number
10 directly in front of me, but we are aware of a single sale, so
11 that number is probably in the right ballpark.
12     THE COURT: Well, it's in the email. It says $26.99,
13 so --
14     MR. GRODMAN: Yes.
15     THE COURT: -- I'm assuming that's accurate.
16     MR. GRODMAN: Yes.
17     THE COURT: Do Amazon records confirm that, that you
18 have, that this was a single product sale?
19     MR. GRODMAN: Your Honor, potentially, they do.
20     THE COURT: All right. I'm not going to comment on
21 the back and forth of the emails, other than -- well, how
22 much -- how much money is in the account -- is in this
23 company's account that's frozen right now?
24     MR. GRODMAN: Last we checked, Your Honor, which was
25 in December, I believe, they had over $17,500 in their

1  account.
2  THE COURT: All right. I'm going to give you one
3  week from today to settle this case. If not, I'm likely going
4  to vacate the injunction. There's no reason $17,000 of this
5  defendant's money needs to be tied up. I know you have
6  statutory damage claims, but there's no reason for this
7  company to have its hands tied with that type of injunction
8  for a single sale of $27.
9  Mr. Vogt, you file a lot of these cases. I'm going
10 to rely upon your good judgment and your cocounsel's good
11 judgment to find a way to resolve this case. But a week from
12 today, if it's not resolved, I'm going to dissolve the
13 injunction. We'll proceed forward without an injunction.
14 Any questions?
15 MR. VOGT: No, Your Honor.
16 That's Keith Vogt speaking.
17 THE COURT: Okay. Emily, a week from today.
18 THE CLERK: That would be January 12th.
19 THE COURT: All right. And what time?
20 THE CLERK: 9:00 o'clock.
21 THE COURT: Okay. Very good. And I'm convinced in
22 light of Mr. Chen's letter and his representation that he is a
23 sole proprietor. Absent evidence to the contrary, he can
24 represent himself. He's not a corporate entity that has some
25 corporate fiction beyond him, so I'm going to proceed with

this as -- allowing him to represent himself, in light of the representations he made in the letter, which, of course, you're free to challenge and contest, but there's a point of diminishing returns, literally, on a case involving this much -- a single sale of a relatively inexpensive product.

So we'll talk to you next Friday, absent some type of motion from the plaintiff that the case has been resolved and the case can be dismissed. But, otherwise, we'll talk to you next Friday. And you can --

MR. GRODMAN: Thank you, Your Honor.

THE COURT: You're free to -- why don't you -- since apparently you're in communication with Mr. Chen by email, I'd appreciate it if you could email him and at least tell him what we did this morning.

MR. VOGT: Sure.

MR. GRODMAN: Sure, Your Honor. That sounds like a plan. Thank you.

THE COURT: Mr. Vogt, were you going to say something? I'm sorry.

MR. VOGT: No. Just thank you, Your Honor. Will do.

THE COURT: Okay. Take care. Bye-bye.

(Proceedings concluded at 9:27 a.m.)

1                          CERTIFICATE

2      I certify that the foregoing is a correct transcript from

3   the record of proceedings in the above-entitled matter.

4   /s/ Elia E. Carrión                18th day of January, 2024

5   Elia E. Carrión                              Date
    Official Court Reporter