


FILED
5/26/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
AXM

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KHARA INC. and GROUND WORKS CO., LTD.,

        Plaintiffs,

        v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

        Defendants.

Civil Action No.: 1:23-cv-02880

Judge Jeffrey I. Cummings

Magistrate Judge Maria Valdez

**DEFENDANT'S MOTION TO ALTER OR AMEND THE MAY 5, 2026 TERMINATION**
**ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

COMES NOW Xianyang Zeng, appearing in the same capacity as in all prior proceedings herein as the operator of the virtual Amazon storefront known as Defendant No. 124 LUKANORYZ, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the Minute Entry and Order entered on May 5, 2026 (Dkt. 128), which terminated this civil action on the basis that the default judgment entered on June 29, 2023 (Dkt. 37) stands. In support, Mr. Zeng states as follows:

## I.     PRELIMINARY STATEMENT

This motion presents a manifest error of law embedded in the Court's May 5, 2026 termination order (hereinafter the "termination order"). The Court terminated the instant civil action predicated on a default judgment entered against a virtual Amazon storefront (as in a commercial tool without legal personality or juridical status) without first resolving the threshold question of which natural person or corporate entity, if any, is bound by that judgment. That question has been raised in over a dozen filings spanning nearly three years. It was the stated purpose of the Court's own jurisdictional discovery order. The discovery this

Court ordered to answer, it produced sworn, verified testimony establishing under oath that LUKANORYZ is a virtual storefront, not a corporation, and that Xianyang Zeng is its sole operator. Those responses, submitted to this Court by Plaintiffs as Dkt. 113-1, answered the Court's question. But the answer was never applied. Instead, the Court terminated the proceeding without identifying the legal person against whom termination was entered. In a pattern of stagnation that has now become unmistakable[1], the pending Motion for Clarification (Dkt. 130) that squarely placed the party-identity question before the Court on May 11, 2026 (six days after termination) continues to sit dormant on this Court's docket, leaving the record unresolved.

Rule 59(e) permits this Court to correct manifest errors of law at an early and relatively inexpensive stage of review. *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). The termination order at Dkt. 128 contains at least three such errors: it terminated a case against a non-juridical entity without resolving party identity; it attributed a compliance failure to "Defendant" without specifying which legal person or entity bore that obligation; and it gave finality to a default judgment that is void because it runs against a trade name that has no capacity to be sued. Each error, standing alone, warrants alteration or amendment. Together, they compel it.

## II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this action against "The Partnerships and Unincorporated Associations Identified on Schedule A," identifying LUKANORYZ as Defendant No. 124. The Complaint's caption does not name Xianyang Zeng. *See* (Dkts. 1-2.) The Complaint does not name

---

[1] See Dkts. 121 and 122, respectively filed June 19 and June 26, 2025, and ruled upon August 8, 2025 (6-7 weeks with no briefing schedule set despite two requests). Recusal motion, Dkt. 124, filed August 22, 2025, noticed as under advisement November 21, 2025 (3 months), and ruled upon November 24, 2025. The case was then allowed to sit for over five months from November 24, 2025 (recusal denial) to May 5, 2026 (termination) with no ruling on the renewed motion to vacate deadline, no hearing, and no activity.

XIANJIYUDIANZISHANGWUYOUXIANGONGSI or XIAN JI YU Electronic Commerce Limited Co., or any natural person or corporate entity. It names a virtual Amazon storefront — LUKANORYZ.

On June 29, 2023, the Amended Default Judgment Order was entered at Dkt. 37 against "Defendant No. 124 LUKANORYZ." No natural person was named. No corporate entity was named. The default judgment was entered against a trade name.

Xianyang Zeng subsequently appeared in this proceeding and filed a motion to substitute himself as the real party in interest. (Dkt. 39.)

Recognizing that LUKANORYZ's identity as a juridical entity was uncertain, this Court ordered limited jurisdictional discovery "to determine whether the entity LUKANORYZ is or is not a corporation." (Dkt. 109 at 4.)

On May 9, 2025, Xianyang Zeng timely served three sets of comprehensive, sworn discovery responses to Plaintiffs' amended discovery requests. Those responses were submitted to this Court by Plaintiffs at Dkt. 113-1.

The sworn record at Dkt. 113-1 established the following material facts under penalty of perjury:

*First*, each of the three discovery response verifications states: "I, Xianyang Zeng, am the owner and operator of the virtual Amazon storefront sued herein as Defendant No. 124 LUKANORYZ." Dkt. 113-1 at 29, 69, 85.

*Second*, in direct response to the Court's stated purpose of determining "whether the entity LUKANORYZ is or is not a corporation," Interrogatory No. 5 response states: "the virtual Amazon storefront sued herein as Defendant No. 124 LUKANORYZ is 100% owned and operated by Xianyang Zeng." Dkt. 113-1 at 82.

*Third*, Interrogatory No. 8 response states: "the virtual Amazon storefront sued herein as Defendant No. 124 LUKANORYZ is operated by Xianyang Zeng in its daily operations." Dkt. 113-1 at 84.

*Fourth*, across 56 Requests for Admission directed to the corporate attributes of XIANJIYUDIANZISHANGWUYOUXIANGONGSI (the only alleged corporate entity Plaintiffs have ever associated with LUKANORYZ) Zeng denied each request. Dkt. 113-1 at 5–29. No corporate entity, no governance structure, no employees, and no separate financial organization were admitted to exist.

The discovery record therefore answered the Court's question: LUKANORYZ is not a corporation. It is a virtual storefront operated by one individual.

On August 8, 2025, the Court adopted the Magistrate Judge Valdez's sanctions order (Dkt. 118) in full at Dkt. 123, imposing a monetary sanction of $875.00 and an evidentiary bar against "Defendant" — without specifying which legal person or entity those directives bound. The Court further directed "Defendant" to file a renewed motion to vacate the default judgment by December 19, 2025. *Id*.

On May 5, 2026, this Court entered the minute order at Dkt. 128 stating: "Defendant failed to [file the renewed motion to vacate]. Accordingly, the previously entered default judgment entered against defendant on 6/29/23 stands. Civil case terminated."

On May 11, 2026, six days after the termination order, Xianyang Zeng filed the Motion for Clarification at Dkt. 130, placing squarely before this Court the question of which legal person or entity is bound by the default judgment, the sanctions order, the evidentiary bar, and the termination order — none of which identify a natural person or juridical entity by name.

### III.   ARGUMENT

#### A.  Rule 59(e) Standard.

Rule 59(e) permits movants to seek relief from a judgment "at a relatively early, and consequently less expensive, stage in the process of the review of judgments." Russell, 51 F.3d at 749. As such, the standard courts in this Circuit apply to Rule 59(e) motions is not as stringent as the standard for the "extraordinary remedy" sought under Rule 60(b). *Id.*; *see also Opachen v. U.S. Parole Comm'n,* 32 F.3d 570 (7th Cir. 1994) (noting the "more liberal standard of Rule 59(e)" compared to Rule 60(b)). There are two grounds to alter or amend under Rule 59(e): "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 955 (7th Cir. 2013). The standard requires only that the court committed a manifest error of law that warrants reconsideration at this early stage before the parties bear the cost of appellate proceedings. *Russell,* 51 F.3d at 749. Three independent manifest errors of law infect the termination order at Dkt. 128.

#### B.  Manifest Error One: The Court Terminated a Case Against a Non-Juridical Entity Without Resolving the Threshold Party Identity Question the Court's Own Discovery Was Designed to Answer.

As courts in this Circuit have recognized, "[s]torefronts, whether real or virtual, are not the business itself, but are tools that the business, whether a person or corporate entity, uses to sell its goods." *Hangzhou Chic Intelligent Tech. Co. v. Partnerships & Unincorporated Associations Identified on Schedule A,* No. 20 C 4806, 2022 WL 1028834, at *2 (N.D. Ill. Apr. 6, 2022). A virtual Amazon storefront has no independent juridical existence. It cannot be sued, cannot be held in default, cannot be ordered to pay sanctions, and cannot have a civil case terminated against it. *York Group, Inc. v. Wuxi Taihu Tractor Co.,* 632 F.3d 399, 403 (7th Cir. 2011) ("A proprietorship is just a name that a real person uses when doing business; it is not a

juridical entity."); *Jeroski v. Federal Mine Safety & Health Review Comm'n,* 697 F.3d 651, 652 (7th Cir. 2012) ("A 'proprietorship' is not a legal entity, but merely a name under which the owner, who is the real party in interest, does business.").

"Selecting defendants is a task for the plaintiff, not the judge." *Myles v. United States,* 416 F.3d 551, 553 (7th Cir. 2005). Under Federal Rule of Civil Procedure 10(a), the complaint's title "must name all the parties." Fed. R. Civ. P. 10(a). Under Rule 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest." Plaintiffs' Complaint names LUKANORYZ — a trade name, a commercial tool, a non-entity. It does not name Xianyang Zeng. It does not name any corporate entity. Plaintiffs have never amended the Complaint to correct this deficiency[2]. This Court has entered no order directing Plaintiffs to cure that deficiency.

The Court's own jurisdictional discovery order at Dkt. 109 ordered discovery precisely "to determine whether the entity LUKANORYZ is or is not a corporation." That discovery is complete. Its answers are in the record at Dkt. 113-1. The answer is that LUKANORYZ is not a corporation; it is a virtual Amazon storefront operated by Xianyang Zeng. The legal consequence of that answer — that Plaintiffs *must* amend the Complaint to formally name Zeng as the defendant under Rules 10(a) and 17(a) — was never applied.

Terminating a civil action on the basis of a non-party's failure to comply with orders whose legal subject was never identified is a manifest error of law. A court cannot terminate a case against an unnamed, unidentified person or entity and call it a final judgment. The May 5 termination order does exactly that.

---

[2] Plaintiffs' conduct in this case is a textbook example of the abusive "Schedule A" litigation model that judges in this very District have begun to forcefully condemn — a practice that "**stretch[es] applicable procedural rules past their breaking point**". *See Eicher Motors Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 2025 WL 2299593, at *2 (N.D. Ill. 2025).

**C. Manifest Error Two: The Termination Order Attributed a Compliance Failure to "Defendant" Without Identifying the Legal Person Bearing That Obligation, in Violation of Due Process.**

The May 5 termination order states that "Defendant failed to" file the renewed motion to vacate. But the obligation to file a motion to vacate a default judgment presupposes that the movant has standing to seek that relief (which requires party status) and which requires formal identification in the Complaint's caption. *Myles,* 416 F.3d at 552 ("How can one defend without first becoming a party?").

Xianyang Zeng was never formally named as a defendant. His prior motion to substitute himself as the real party in interest (Dkt. 39) was terminated without prejudice. It was never reinstated. Zeng is a non-party who has appeared and participated, but whose party status as a matter of law has never been established by any order granting substitution, amendment, or joinder. Accordingly, the obligation to file the renewed motion to vacate — an obligation this Court imposed on "Defendant" — did not attach to a legally identified person. Treating the failure to perform that obligation as the basis for a case-terminating order is a manifest error of law because no party bearing the obligation has ever been formally identified.

**D. Manifest Error Three: The Amended Default Judgment at Dkt. 37 Is Void Under Rule 60(b)(4) Because It Was Entered Against a Non-Juridical Entity.**

A judgment is void as a matter of law under Rule 60(b)(4) where the court lacked personal jurisdiction over the defendant or where the defendant against whom judgment was entered lacks the legal capacity to be bound. *United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply,* 55 F.3d 1311, 1317 (7th Cir. 1995). Such a judgment is a nullity, *id.*, and its nullity is not cured by the passage of time, the failure to object, or any subsequent procedural default — because a void judgment, unlike a voidable one, is not susceptible to waiver or forfeiture. Rule 60(b)(4) challenges may be raised at any time within a

reasonable period precisely because the law does not require a party to acquiesce in a judgment that should never have been entered.

This Court's November 24, 2025 Order (Dkt. 126) suggested that Xianyang Zeng's earlier motion to substitute himself as the real party in interest (Dkt. 39) renders his current party-identity arguments "disingenuous." That characterization, with respect, answers the wrong question. The controlling inquiry under Rules 10(a) and 17(a) is not whether Zeng sought to be named as a defendant — it is whether Plaintiffs formally named him as one. They did not. And a complaint is not amended by implication: "[I]t is axiomatic that the complaint *may not be amended by briefs* in opposition to a motion." *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984) (emphasis added). By the same inexorable principle, a complaint cannot be amended by a court's inference drawn from a non-party's participation, nor by the filing of a motion that was itself terminated without prejudice and never reinstated. Xianyang Zeng is not a named defendant. He has never been made one. The default judgment at Dkt. 37 does not name him. It names LUKANORYZ — and LUKANORYZ is a nullity as a matter of law.

The legal capacity of a defendant to be sued is not a procedural technicality susceptible to liberal construction. Under Federal Rule of Civil Procedure 17(b)(3), that capacity is determined by the law of the state in which the district court sits — here, Illinois. Under long-settled Illinois law, a civil action directed at a non-juridical entity is a structural impossibility that invalidates service of process from the outset. *See Bogseth v. Emanuel,* 166 Ill. 2d 507, 513, 655 N.E.2d 888, 891 (Ill. 1995) (holding that as a general rule, a lawsuit filed against a non-existent entity is a nullity). The Illinois Appellate Court applied this principle with equal precision in *Volkmar*: "A suit brought against a non-existent entity is a nullity. It follows that

service of process on a non-existent entity is void." *Volkmar v. State Farm Mut. Auto. Ins. Co.,* 104 Ill. App. 3d 149, 151, 432 N.E.2d 1149, 1151 (1982).

The constitutional significance of this principle extends beyond state capacity doctrine. Service of process is the constitutionally required predicate for a court's exercise of personal jurisdiction over any defendant. As the Supreme Court recognized, "Service of process, under longstanding tradition in our system of justice, is fundamental to ***any*** procedural imposition on ***a named defendant***." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) (emphasis added). Where, as here, service is directed at a legal nullity — a non-juridical commercial designation that no cognizable legal person inhabits — personal jurisdiction does not attach. The court acquires power over no one. Any default judgment that purports to rest upon that void jurisdictional foundation is void from inception. Because Plaintiffs directed their complaint and their service solely at a trade name, LUKANORYZ (which is also a non-entity as it only virtual Amazon storefront with no legal personality), no valid service was ever executed, no personal jurisdiction ever attached, and the resulting default judgment at Dkt. 37 is void under Rule 60(b)(4).

A trade name has no capacity to be sued, no capacity to appear, no capacity to defend, and no capacity to be bound by a judgment. A judgment purporting to run against such a designation is a nullity. *York Group,* 632 F.3d at 403; *Jeroski,* 697 F.3d at 652. The sworn discovery record at Dkt. 113-1 establishes beyond factual dispute that LUKANORYZ is a virtual Amazon storefront — not a corporation, not a juridical entity, not a proper defendant under any recognized theory of law. That record was produced at Plaintiffs' request (Dkt. 48) and pursuant to this Court's own discovery orders (Dkts. 68, 109). It is the Court's own commissioned factual record. A judgment entered against an entity that the Court's own discovery has established to be a non-juridical commercial tool cannot be given finality on the

basis of a non-party's failure to file the prescribed motion to vacate it. Moreover, Rule 60(b)(4) recognizes that some judgments are so defective that no procedural consequence can legitimize them.

### E. Alteration or Amendment Is the Most Efficient Path to Resolving a Question That Will Otherwise Return to This Court on Remand.

The Motion for Clarification (Dkt. 130), filed on May 11, 2026 — after the termination order but before any ruling on the threshold party identity question — is currently pending before this Court. That motion directly implicates the legal validity of every compliance directive this Court has entered, including the directive whose non-performance served as the basis for termination.

The Court cannot give finality to a termination order premised on non-compliance while the pending Motion for Clarification (Dkt. 130) challenging the legal existence of the compliance obligation remains unaddressed. Doing so deprives the movant of the opportunity to be heard — the most fundamental requirement of due process.

If this Court does not alter or amend the termination order and the matter proceeds to the Seventh Circuit, the appellate court will inevitably be required to address the Rule 10(a)/17 party identity question and the void judgment question. These are pure questions of law reviewed *de novo*. If the Seventh Circuit finds for Appellant on any of them — and the controlling authority of *Myles*, *York Group*, and *Jeroski* compels a finding in Appellant's favor on the party identity question — the case will be remanded to this Court for the very proceedings that alteration or amendment of the termination order would accomplish directly and immediately. Rule 59(e) exists precisely to prevent this unnecessary expenditure of judicial resources. Correcting a manifest legal error at the district court level is less expensive, less time-

consuming, and more efficient than compelling the Seventh Circuit to do so on appeal. *Russell,* 51 F.3d at 749.

### IV.     <u>CONCLUSION</u>

For the foregoing reasons, Xianyang Zeng respectfully requests that the Court:

(1) Alter or amend the May 5, 2026 Termination Order (Dkt. 128) to address the manifest errors of law identified herein, specifically by: (a) entering a briefing schedule on the pending Motion for Clarification at Dkt. 130; and (b) staying enforcement of all compliance directives pending resolution of the party identity question;

(2) In the alternative, vacate the default judgment at Dkt. 37 under Rule 60(b)(4) as a judgment entered against a non-juridical entity that lacks capacity to be sued, and direct Plaintiffs to file an amended complaint naming the real party in interest within a period this Court deems appropriate; and

(3) Grant such other and further relief as law and equity require.

The Federal Rules require that parties be named, identified, and formally brought before the court before judgments may be entered against them. The Court's own discovery has now identified the person operating the LUKANORYZ storefront. The Rules require that Plaintiffs name that person before any judgment against them may be given finality. This Court should say so — directly, immediately, and without further delay.

Dated: May 26, 2026

Respectfully submitted,

*/s/ Xianyang Zeng*
XIANYANG ZENG

z1071260621@outlook.com
Unit 2302, Building 3, Gate 2
Luoma Jingfu Cheng
Zhangba 4th Road
Xi'an High-Tech Zone

Shaanxi Province 710000, China